[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15375
Non-Argument Calendar

_____

D. C. Docket No. 05-22854-CV-PCH

VICTOR G. BAXTER,

Plaintiff-Appellant,

versus

WADIE CRAWFORD,
sued in his individual and official capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 21, 2007)**

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Victor Baxter, a federal prisoner proceeding pro se, appeals the district

court's grant of summary judgment in favor of Wadie Crawford, a Special Agent of the United States Drug Enforcement Administration ("DEA"), in Baxter's Bivens[1] action. For the reasons that follow, we affirm.

## I. Background

In November 2002, Baxter was charged in a seven-count indictment with distributing at least five grams of crack cocaine on August 21, 2002 (Count 1); distributing at least five grams of crack cocaine on August 29, 2002 (Count 2); maintaining premises located at 2645 N.W. 21st Avenue, Oakland Park, Florida, for the purpose of distributing crack cocaine from approximately August 21, 2002 to October 9, 2002 (Count 3); possessing with the intent to distribute at least five grams of crack cocaine on October 9, 2002 (Count 4); possessing with the intent to distribute cocaine on October 9, 2002 (Count 5); being a felon in possession of a firearm (Count 6); and possessing a firearm in furtherance of a drug-trafficking crime (Count 7).

Before trial, Baxter twice moved to suppress the evidence seized during an October 9, 2002 search of his residence, located at 2465 N.W. 21st Avenue in Oakland Park, Florida. During the search, law enforcement agents seized, inter alia, one-half kilograms of powder cocaine, a crack-cocaine cookie weighing 24.1

---

[1] Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

grams, and a loaded revolver.  In both of his motions, Baxter focused primarily on the following statements from Crawford's warrant affidavit:

> On August 21, 2002, [BAXTER] sold approximately 15 grams of crack cocaine to an undercover DEA Special Agent (hereinafter "undercover agent") in a public area immediately adjacent to 2645 N.W. 21st Avenue, Oakland Park, Florida. . . .

> On August 29, 2002, [BAXTER] sold approximately 40 grams of crack cocaine to the undercover agent. [Baxter] supplied the crack cocaine purchased by the undercover agent to a confidential source inside the target location [2645 N.W. 21st Avenue]. . . .

> According to Broward County property records, 2645 N.W. 21st Avenue, Oakland Park, Florida is owned by J.V. BAXTER and Lillian BAXTER.  On September 18, 2002, the U.S. Postal Service indicated that [BAXTER] receives U.S. mail at the target residence. . . .

> On October 3, 2002, BAXTER was contacted at the target location and agreed to sell ½ kilogram of cocaine hydrochloride (powder) to the undercover agent.  Arrangements were made to obtain the cocaine from BAXTER on Wednesday, October 9, 2002. BAXTER agreed that the sale would take place at a location other than the target residence because the undercover agent felt uncomfortable bringing a large amount of cash ($13,000) to the area around 2645 N.W. 21st Ave., Oakland Park, Florida.  BAXTER was not told exactly where the sale would take place.  Although the location has not been finalized, BAXTER indicated that he would be ready to complete the transaction on Wednesday, October 9, 2002.

In his first motion, Baxter alleged that the facts in the warrant affidavit were stale, because the cocaine sales on August 21st and August 29th did not provide probable cause to search his residence some six weeks later on October 9th.  In Baxter's

3

second motion, he alleged that Crawford made materially false statements in the affidavit, for example, falsely stating that Baxter had taken a call from an undercover agent "at his apartment" on October 3rd. Following suppression hearings, the magistrate judge denied both motions. After a five-day jury trial, Baxter was convicted of Counts 1 and 5, but was acquitted of the remaining counts.

Baxter appealed his convictions to this court, challenging, inter alia, the denial of his motion to suppress on the grounds that the Government submitted stale information and false statements in support of the probable cause affidavit. In an unpublished opinion, this court affirmed Baxter's conviction. United States v. Baxter, 03-16578 (11th Cir. Jan. 4), vacated and remanded on other grounds by 544 U.S. 1013, 125 S.Ct. 1994, 161 L.Ed.2d 847 (2005) ("Baxter I"). In so holding, we concluded that the alleged misstatements "were immaterial." Id. We also concluded that the information about Baxter's August 2002 cocaine sales at his residence established the ongoing nature of his criminal enterprise, so that those sales, coupled with Baxter's October 3rd agreement to sell cocaine to an undercover agent, supported a finding of probable cause. Id. Accordingly, we held that the facts underlying the probable cause determination were not stale. Id.

In November 2005, Baxter, proceeding pro se, filed a Bivens action against Crawford, alleging that Crawford had violated his Fourth and Fifth Amendment

4

rights by intentionally misleading a federal magistrate into issuing a warrant on October 8, 2002 to search his residence. Baxter conceded that he had sold cocaine to a government informant on August 21st and August 29th at his 2645 N.W. 21st Avenue residence. According to Baxter, however, these August cocaine sales were too remote in time to provide probable cause to search for "contraband" at his residence on October 9th, some six weeks later. He also alleged that he never had a conversation with a government agent on October 3rd and that Crawford's misrepresentation on this point was material because without it, there would not have been probable cause to issue the search warrant.

After performing the required screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), the magistrate judge liberally construed Baxter's complaint as alleging Fourth and Fifth Amendment violations. The magistrate also concluded that Baxter's claims were not foreclosed under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994),[2] because even if Baxter succeeded on his claims, his "conviction might still be valid due to the doctrines of

---

[2] Under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a state prisoner may not bring a damages claim under 42 U.S.C. § 1983 if a judgment in his favor would implicitly question the validity of his conviction or the duration of his sentence, "unless [he] first achieves a favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) (citing Heck, 512 at 487, 114 S.Ct. at 2372). This court has held that Heck applies with equal force in a Bivens action filed by a federal prisoner. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

5

inevitable discovery, independent source, and harmless error." The district court accepted the magistrate judge's preliminary determination and allowed the suit to proceed.

Crawford filed a motion to dismiss the complaint on the grounds that the claims were vague and conclusory; he was entitled to qualified immunity; the claims were Heck-barred; and the claims were barred by res judicata because they had been litigated during Baxter's criminal trial and on direct appeal of his conviction. The magistrate judge converted the motion to dismiss to a motion for summary judgment, and informed Baxter of his right to respond to Crawford's motion. Baxter filed a response to the motion, and Baxter filed a reply.

The magistrate judge issued a report recommending that the district court grant summary judgment in favor of Crawford on the grounds that Baxter's claims were Heck-barred. The district court adopted the magistrate's recommendation and granted summary judgment in favor of Crawford. Baxter then filed a motion for reconsideration, which the district court denied. Baxter now appeals.

## II. Discussion

On appeal, Baxter argues that the grant of summary judgment to Crawford was improper because the district court erred in finding that his claims were precluded under Heck. "We review a district court's grant of summary judgment

6

de novo, viewing the facts—as supported by the evidence in the record—and reasonable inferences from those facts in the light most favorable to the nonmoving party." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004).

Under Heck, a prisoner may not bring a damages action under Bivens if a judgment in the prisoner's favor would necessarily imply the invalidity of his conviction or sentence. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck applies both to 42 U.S.C. § 1983 actions filed by state prisoners and Bivens actions filed by federal prisoners). Thus, unless the prisoner can demonstrate that his conviction or sentence has already been invalidated, his complaint must be dismissed. Heck, 512 U.S. at 487, 114 S.Ct. at 2372. But when "the [prisoner's] action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against [him], the action should be allowed to proceed, in the absence of some other bar to the suit." Id. at 487, 114 S.Ct. at 2372-73 (emphasis in original, footnotes omitted). For example, "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful [Bivens] action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck does not *generally* bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)

7

(internal citations and footnote omitted, emphasis added). Nevertheless, *not all* Fourth Amendment claims fit this exception to <u>Heck</u>, rather, courts "must look both to the claims raised . . . *and* to the specific offenses for which the . . . claimant was convicted." <u>Id.</u> at 1160 n.2 (emphasis added).

Here, Baxter contends that his claims relate only to conduct for which he was acquitted so that success on his claims would not necessarily call into question the validity of his convictions. We disagree.

First, Baxter's assertion that his complaint relates only to conduct for which he was acquitted is incorrect, as the cocaine seized during the search of 2645 N.W. 21st Avenue—the search conducted pursuant to the warrant Baxter challenges in the instant action—served as the basis for his conviction on Count 5 (possessing with the intent to distribute cocaine on October 9, 2002). Second, the factual basis for Baxter's claims in the instant action directly impugns his conviction on Count 5. As stated above, in affirming Baxter's conviction on Count 5, this court expressly rejected Baxter's assertions that the information in the warrant affidavit was stale and that Crawford had made material misrepresentations. <u>Baxter I</u>, 03-16578. We concluded that the information contained in the affidavit regarding Baxter's cocaine sales at his residence in August 2002, coupled with his October 3rd agreement to sell cocaine to an undercover agent, supported a finding of

8

probable cause to search his residence on October 9th. Hence, without the information regarding Baxter's August 2002 cocaine sales (which Baxter challenges as stale) and Crawford's assertions regarding Baxter's conversation with the undercover agent (which Baxter challenges as materially false), there would have been *no* probable cause to search his residence on October 9th, and the challenged search warrant would not have been issued. But for the execution of the search warrant, however, the cocaine at issue in Count 5 would not have been seized from Baxter's residence, and therefore, Baxter's conviction on Count 5 could not stand. As such, if Baxter were to succeed on his claims in the instant action, he would necessarily call into question the validity of his conviction on Count 5. Thus, although a Fourth Amendment claim of improper search and seizure does not *necessarily* undermine a conviction, see Hughes, 350 F.3d at 1160, the factual basis for *Baxter's* claims *does* necessarily undermine *his* conviction. Accordingly, we conclude that the district court properly found that Baxter's claims are Heck-barred, and the grant of summary judgment to Crawford was proper.

### III. Conclusion

For the foregoing reasons, we **AFFIRM**.

9