[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10479
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01205-CV-J-33-MCR

CHESTER WEAVER, SR.,

Plaintiff-Appellant,

CHESTER WEAVER, JR.,

Plaintiff,

versus

RAY GEIGER,
Sheriff, sued in his/her individual and official
capacities,
W.J. O'LEARY,
sued in his/her individual and official
capacities,
C. WATE,
Sgt., sued in his/her individual and official
capacities,
B.E. TURNER,
sued in his/her individual and official
capacities,
GRANVILLE BURGESS,
sued in his/her individual and official
capacities, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 24, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Chester Weaver, Sr., a Florida prisoner serving a sentence for a drug conviction and proceeding pro se, appeals the dismissal, under 28 U.S.C. § 1915(e)(2)(B)(i), of his complaint, which was filed pursuant to 42 U.S.C. §§ 1983 and 1985. For the reasons that follow, we AFFIRM the dismissal.

## I. BACKGROUND

Weaver was arrested and convicted of drug possession in 2004. Three years later, he filed suit under §§ 1983 and 1985 seeking compensatory and punitive damages from various state and local officials in connection with the arrest.[1] The district court determined that all of his claims were frivolous and thus dismissed them pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Weaver moved to appeal this ruling and sought leave to proceed in forma pauperis, which the district court

---

[1] Weaver's son, Chester Weaver, Jr., was also listed as a plaintiff in the complaint, but the district court dismissed his claim for failure to pay the filing fee or seek in forma pauperis status. He did not appeal that judgment.

2

denied. We determined that the appeal was not frivolous and thus granted Weaver leave to proceed with his appeal in forma pauperis.

Weaver made a number of allegations regarding Detective W.J. O'Leary, a narcotics officer in the Nassau County sheriff's department. According to Weaver, O'Leary obtained a search warrant based on an affidavit that contained incorrect and falsified information about the location to be searched as well as the probable cause for such a search. See R1-1 at 9. Weaver also alleged that O'Leary forged the signature of the county judge, Robert Williams, on the warrant and, in conjunction with other police officers, used this falsified warrant to search Weaver's trailer and illegally confiscate his property without due process. See id. at 9-10. Additionally, Weaver asserted that he was subjected to malicious prosecution by O'Leary. See id. at 16-17.

Weaver also made additional claims against four other officials – Ray Geiger, the Nassau County Sheriff; Robert Williams and Robert Foster, both Circuit Judges in Nassau County; and Granville Burgess, an Assistant State's Attorney for Nassau County – as well as against Nassau County itself. He alleged that Sheriff Geiger had established a pattern or practice of false arrests, illegal searches and other forms of corrupt behavior within the police department and that Nassau County tolerated this behavior by failing to discipline him. See id. at 13-

16, 21-23. Additionally, he asserted that Williams, Foster, and Burgess conspired to violate his rights by tacitly accepting this pattern of corruption and approving the falsified search warrant and affidavit. See id. at 17-21. Weaver also sought supplemental jurisdiction for a state law negligence claim against Geiger and other sheriff's department officers regarding the false arrest and prosecution as well as the deprivation of property without due process. See id. at 23-25. Weaver's complaint could be read as claiming ineffective assistance of counsel, though he never identified that as a separate or distinct issue.

## II. DISCUSSION

We review a § 1915(e)(2)(B)(i) dismissal based on frivolity for abuse of discretion. See Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002). "For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is without arguable merit either in law or fact." Id. (citation omitted). The factual allegations set forth must be sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). Since Weaver is filing pro se, we analyze his pleadings under a liberal standard. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

Based on Weaver's brief on appeal, a number of the claims in the complaint have been waived. His brief includes no discussion of the state law negligence

4

claim, Nassau County's approval of the corrupt police practices, or of any conspiracy claim under § 1985. We deem any "issues not briefed on appeal by a pro se litigant [to be] abandoned." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Additionally, Weaver only mentions Sheriff Geiger's approval of police malfeasance in the context of describing the alleged conspiracy by Burgess and the two judges. Such a brief mention, absent any substantive argument on the merits, amounts to a waiver of that claim. See Farrow v. West, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003).

A. Claims Against Detective O'Leary and Other Police Officers

Section 1983 permits a plaintiff to obtain civil damages from any person who deprives him of constitutional rights, so long as that person is acting under color of state law. See 42 U.S.C. § 1983. However, this relief is unavailable for deprivations of property without due process "if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984). In addition, § 1983 plaintiffs may only "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" if they can demonstrate that the conviction or sentence has somehow been invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73 (1994).

5

The district court rejected all of Weaver's claims with respect to the alleged illegal search and seizure by O'Leary and the other police officers. Based on a liberal reading of the complaint, Weaver's claim appears to involve three different potential violations – O'Leary's alleged forging of Judge Williams's signature, the search warrant's reliance on false statements by confidential informants, and the deprivation of property without due process as a result of the use of this allegedly invalid warrant. The court determined that the last of these claims was foreclosed since Florida state law provided an adequate alternate remedy. See R1-6 at 8-9. Florida has expressly waived state sovereign immunity for tort suits involving, inter alia, loss of property caused by state employees or agents acting within the scope of their employment. See Fla. Stat. 768.28(1) (2008). The district court thus did not abuse its discretion in determining that this relief qualifies as the type of "meaningful remedy" required under Hudson. See Hudson, 468 U.S. at 533, 104 S. Ct. at 3204.

The rationale for the district court's rejection of the other two allegations is less clearly articulated, but the decision did not constitute an abuse of discretion. The court discussed "negligent processing of the search warrant," which it deemed not to involve the infringement of any particular federal constitutional or statutory right, thus making § 1983 relief unavailable. R1-6 at 9. Additionally, the court

noted that some of Weaver's claims amounted to challenges to the legality of his conviction, which had to be pursued through habeas review. See id. at 5. The "negligent processing" rationale would seem to encompass the forgery allegation, which Weaver describes as a violation of state, not federal, law. Since Weaver fails to assert a federal right, the district court was justified in rejecting the forgery-based claim.

Additionally, the district court's discussion of impermissible challenges to the legality of Weaver's conviction sufficiently addresses the claim that the search warrant had an invalid basis. We have previously held that such claims can be brought even without proof that the underlying conviction has been called into question. See Hughes, 350 F.3d at 1160 ("Because an illegal search or arrest may be followed by a valid conviction, . . . a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck does not generally bar such claims."). However, we have also determined that Heck would still preclude those claims that "if successful, would necessarily imply the invalidity of the conviction because they would negate an element of the offense." Id. at 1160 n.2. In order to determine whether such a negation would occur, we must look at both "the claims raised under § 1983" and "the specific offenses for which the § 1983 claimant was

7

convicted." Id.

Weaver's conviction for possession with intent to distribute was premised on the methadone uncovered during the search permitted by the allegedly improper warrant. Accordingly, if Weaver was successful in his claim, it would cast doubt on the validity of an essential element of the offense for which he was found guilty. His allegation of an invalid basis for the search warrant thus amounts to the kind of attack on the factual basis for a conviction that we have deemed impermissible under Heck. See Baxter v. Crawford, 233 Fed. Appx. 912, 916 (11th Cir. 2007) (per curiam) (barring a Bivens claim alleging illegal search and seizure for an individual convicted of cocaine distribution and possession, since such an action would attack the factual basis for his conviction). Given this potential outcome, the district court did not abuse its discretion in dismissing the illegal search claims.

Weaver also seems to be appealing the district court's denial of his malicious prosecution claim against O'Leary and other officers. The court rejected such a claim based on Heck, noting that Weaver presented no evidence showing that his conviction had been called into question, thus making such a motion premature. See R1-6 at 7-8. Since this determination accords with the facts discussed in Weaver's complaint, the court was within its discretion in dismissing this claim.

8

B. Claims Against ASA Burgess, Judge Williams, and Judge Foster

The district court rejected the conspiracy claims against Assistant State's Attorney Burgess and Judges Williams and Foster, finding them to be both "fantastic and delusional" and otherwise precluded by absolute prosecutorial and judicial immunity. See R1-6 at 5, 6-7. As an initial matter, Weaver's conspiracy allegations appear to be completely baseless, since he presents no evidence to justify his claims. See Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992) (declaring that district courts can dismiss in forma pauperis claims "whose factual contentions are clearly baseless").

Furthermore, the district court was justified in finding that both judges and the Assistant State's Attorney were immune from suit. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (citation omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. Similarly, "[a] prosecutor is entitled to absolute immunity from suit for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). In this case, the judges' actions constituted

9

normal judicial functions, and Burgess's actions were all performed in the initiation and pursuit of criminal prosecution against Weaver. Since Weaver offered no facts or law to support his allegations that they were all acting outside the scope of their office in their dealings with him, they are all entitled to absolute immunity. The district court was thus justified in dismissing those claims.

## III. CONCLUSION

Weaver appeals the district court's dismissal, under 28 U.S.C. § 1915(e)(2)(B)(i), of his § 1983 suit alleging constitutional violations in connection with his arrest and subsequent conviction on drug possession charges. Based on the facts and law discussed in Weaver's complain and brief on appeal, the district court did not abuse its discretion in dismissing the suit as frivolous. Accordingly, we affirm the district court's dismissal of Weaver's complaint.

**AFFIRMED.**